UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JORGE VALDES, individually and on behalf of all others similarly situated,<br><br>               Plaintiffs,<br><br>   v.<br><br>CENTURY 21 REAL ESTATE, LLC, a New Jersey limited liability company,<br><br>               Defendant. | Case no. 2:19-cv-05411-WJM-MF<br><br>**CLASS ACTION**<br><br>**JURY DEMAND** |

**AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Jorge Valdes ("Plaintiff Valdes" or "Valdes") bring this Amended Class Action Complaint and Demand for Jury Trial against Defendant Century 21 Real Estate, LLC ("Defendant" or "Century 21") to stop Century 21 from directing its realtors to violate the Telephone Consumer Protection Act by making telemarketing calls to consumers *without their consent*, including autodialed calls and calls to consumers registered on the national Do Not Call list, and to obtain injunctive and monetary relief for all persons injured by Century 21's conduct. Plaintiff Valdes, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

**INTRODUCTION**

    1.    Century 21 is a national real estate franchise with over 8,000 franchised locations.[1]

    2.    Although Century 21's realtors are affiliated with different franchised locations, Century 21 realtors market realty services on behalf of and at the direction and control of Century 21. On information and belief, and as described in detail below, Century 21 controls its

---

[1] https://corporate.century21.com/about-us/company-profile

realtors' marketing by means of its pervasive *training* programs through which Century 21 directs realtors to (1) buy leads associated with real estate listings that have expired or otherwise been removed from multiple listing services, and (2) cold call those leads using an autodialer without consent.  Century 21 instills this marketing plan through, among other things, the Century 21 Workbook, Century 21 University, a preferred vendor program, Century 21 Coaches, and annual seminar retreats.[2]

3. In Plaintiff Valdes's case, Century 21's direction of realtors' marketing resulted in him receiving unsolicited, autodialed calls from 8 different realtors associated with 2 different franchised locations over an eight month period (from May 2018 through January 2019) culminating in this Complaint seeking injunctive relief and statutory damages on behalf of all similarly situated consumers, including those, like Plaintiff Valdes, whose telephone numbers were registered on the national Do Not Call list at the time they received Century 21's realtors' calls.

## PARTIES

4. Plaintiff Jorge Valdes is a resident of Tustin, California.

5. Defendant Century 21 is a New Jersey limited liability company with its headquarters located at 175 Park Avenue, Madison, New Jersey 07940.  Defendant conducts business throughout this District and the United States.

## JURISDICTION AND VENUE

6. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

---

[2] https://careers.century21.com/learn/support

7. This Court has personal jurisdiction over Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant is incorporated and headquartered in this District, and because the wrongful conduct giving rise to this case was directed from this District.

**COMMON ALLEGATIONS**

**Century 21 Directs Realtors to Market Century 21's Realty Services
By Buying Leads and Cold Calling them Using an Autodialer**

8. Century 21 directs realtors to market Century 21's realty services (for their mutual benefit) under the cover of its extensive *training* programs. Throughout, Century 21 makes it absolutely clear to realtors that the only way to be a successful Century 21 realtor is by buying leads and cold calling them using an autodialer.

**The Century 21 Workbook**

9. Century 21 provides a training workbook to all Century realtors. One of the very first lessons in this workbook is a lesson on cold calling:

**Cold Calling**

**CLASS EXERCISE 1** — Why talk to strangers?
_____
_____
_____
_____

**The Power of Numbers**

Example: A cold call commitment (phone or door-to-door) of 10 contacts per day, every day.

**10** contacts x **5** days per week = **50** contacts per week

**50** contacts per week x **50** work weeks per year =

**2500 Contacts!**

How will conversations with these 2500 people impact your annual income?

---

[3] http://create21.21online.com/pep/resources/CREATE%2021%202013%20Workbook%20Session%205_02_04_2013.pdf

3

10.     As part of this cold calling lesson, Century 21 supplies scripts for its realtors' cold calls and other unsolicited communications with leads in which Century 21 directs realtors to refer to themselves as "CENTURY 21® brand real estate professional[s]" and "CENTURY 21 agent[s]."[4]

11.     And as part of a related workbook lesson on "expired listings," Century 21 directs realtors to offer cold call recipients the "CENTURY 21® SELLER SERVICE PLEDGE®."[5]

### Century 21 University

12.     Century 21 furnishes all realtors with access to Century 21 University, Century 21's online training hub.  Among other courses Century 21 promotes through Century 21 University are courses on cold calling.  For example, in a course titled "C21 The Expired Call," Century 21 directs realtors to place cold calls to leads associated with expired listings and scripts on how to convert the consumer to a customer.[6]  On information and belief, Century 21 has many other courses through which it similarly promotes its realtors' purchase of leads and cold calling them.

### Century 21 Coaches

13.     Century 21's hand-picked Coaches, who are affiliated with Century 21 University, regularly provide in-person direction to Century 21 realtors across the country.[7]  Consistent with Century 21's marketing plan for realtors, Century 21 Coaches inform realtors about different real estate industry lead generating services, like RedX and Landvoice, and about the autodialers realtors should be using to call these leads *en masse*, like RedX and Mojo.

---

[4] *Id*.
[5] http://create21.21online.com/pep/resources/CREATE%2021%20Workbook%20Session%204%20LO%20Jan_2017.pdf
[6] https://c21university.com/home
[7] https://corporate.century21.com/franchise/learning

14.     For example, Rick Tankersley, a Century 21 Coach for over 14 years who was also Century 21's Director of Operations expressly instructed Century 21 realtors to purchase RedX leads associated with previously expired listings, and to "aggressively" and repeatedly cold call them using a dialer that integrates with RedX:

# EXPIRED PROSPECTING

**A PLAN TO AGGRESSIVELY MARKET EXPIRED LISTINGS EVERY DAY!**

1. Download the REDX numbers early– Sort by phone #
2. Call every lead before 10AM
3. Make notes on each expired that was not reached
   a. If voice mail - Call back later
   b. If no answer – Make plans to visit the home
   c. If disconnected - Make plans to visit the home
   d. Place unreached leads with phone #s in a stack to be called later
4. Hand pick 10 expireds you would like to list according to price and location
   a. Hand address 10 envelopes
   b. Mail expired letters (for less than a Starbucks latte per day, you can mail 10 leads)
5. Pick 5 expireds to visit based on price, location and proximity to each other
   a. Visit each of the 5 between 6pm and 7pm
   b. Go to the door, knock and speak to the seller
   c. Offer to be the solution to the problem
6. Gather all unreached leads with phone numbers and call them before 9pm
   a. Place all unreached leads with phone numbers to call with new leads tomorrow.
7. This is the consistent success cycle:  Calls -> Letters ->Visits-> Calls [8]

**Century 21 Seminar Retreats**

15.     Century 21 hosts various seminar retreats for Century 21 realtors nationwide. These retreats regularly involve directions to realtors to purchase leads and to cold call them.

16.     For example, during an event called One21 in 2018, Century 21 gave a presentation to top realtors titled "Take More Listings: Tools, Tactics and MORE!"  During the presentation, Century 21 "cover[ed] all forms of prospecting, effective follow-up automation, and how to deliver a rock-solid listing presentation … [as well as] the habits of a power-lister!" – i.e., purchasing leads and autodialing them aggressively and repeatedly.[9]

---

[8] https://www.slideshare.net/century21sa/real-estate-sales-basics-67522544
[9] https://century21events.beta.cyberitas.com/one21/sessions/take-listings-panel-tools-tactics/

5

17. On information and belief, at least one of the Century 21 Coaches leading the presentation specifically instructed realtors to purchase RedX leads and use a RedX compatible autodialer to call them.[10, 11, 12] In fact, not surprisingly, there are numerous online complaints regarding unsolicited, autodialed calls from Century 21 realtors associated with the Coach's franchised location:

- "Frequent calls in violation of DNC listing… We have received many calls over the last two years from numbers with CID: "Century 21 The". As we have not had any business relationship with this company, these calls are a direct violation of the Do Not Call Act and will be reported to the FCC if they continue."[13]

- "Robo-calling our number soliciting for listing a property for sale. This is an ongoing issue. We receive a robo call several times a year. WE have never done business with them. We have visiting the website of this company. We are on the do not call list. We received a pre-recorded message…"[14]

- "Telemarketing harassment I am receiving daily telemarketing calls from this company everyday now for weeks on both my cell phone and home line. I have asked them to stop harassing me and I have long been registered on the national do not call registry."[15]

- "ANNOYING PHONE CALLS just keep coming. I would NEVER do business with this company! Why do they think that ANNOYING people is a [good] way to run a business???"[16]

- "Same issue as the rest. Still continue to get repeated calls asking if I want to sell a property I do not own."[17]

---

[10] https://century21events.beta.cyberitas.com/one21/sessions/coaching-move-grow-high-potentials-panel/
[11] https://www.theredx.com/blog/9-principles-to-list-fsbos-weekly/
[12] https://www.youtube.com/watch?v=N2-9pgE8pE0 - 5 minutes into the video
[13] https://www.bbb.org/us/sc/myrtle-beach/profile/real-estate/century-21-the-harrelson-group-0693-90004699/complaints
[14] *Id*.
[15] *Id*.
[16] https://www.yelp.com/biz/century-21-the-harrelson-group-myrtle-beach
[17] *Id*.

**Century 21's Preferred Vendor Program**

18.     Through Century 21 University, Century 21 also directs realtors to obtain coaching and products from Century 21's "outside partners":

> Through CENTURY 21 University, system affiliates will have easier access to a more dynamic curriculum of industry speakers, face-to-face and online classes, and business generating tools. The new features include free online training programs for new and seasoned real estate professionals, informative webinars, and access to outside partners like Social NetworX, REALTOR® University, The Buffini Group and The Mike Ferry Organization. [18]

19.     These preferred vendors include companies that supply lead generators and autodialer like RedX and EVS7:



\*\*\*\*\*\*\*\*\*

---

[18] https://rismedia.com/2014/06/29/century-21-real-estate-launches-c21-university/



20. Century 21's vendor "partners" also include The Mike Ferry Organization, which provides coaching for realtors. In fact, Century 21 has pre negotiated a $150 monthly discount with The Mike Ferry Organization and otherwise integrated Mike Ferry into its Century 21 University, Century 21 Coaching, and seminar retreats to promote Century 21 realtors learning the Mike Ferry system – *i.e*., purchasing leads and cold calling them using an autodialer.[19, 20, 21, 22] More specifically, and consistent with Century 21, Mike Ferry endorses realtors' use of RedX's leads and the Mojo dialer, an autodialer that is meant to work with RedX's leads.[23, 24]

---

[19] https://www.mikeferry.com/online-contracts/century-21-online-contract-addendum/
[20] https://placester.com/real-estate-marketing-academy/real-estate-conference-calendar-2015/
[21] https://www.consumeraffairs.com/business/the-mike-ferry-organization.html
[22] https://fitsmallbusiness.com/mike-ferry-scripts/
[23] https://youtu.be/Rhiy-hTLecw
[24] http://www.mojosells.com/blog/new-york-realtor-ron-ferrara-calls-prospects-two-mojo-dialers/

8

21. Notably, the Mike Ferry system sanctioned by Century 21 is "All About Illegal Cold-calling without Regard to the Do Not Call List"[25] – i.e., buying leads and autodialing them:

[26]

22. Not surprisingly, the realtors at both Century 21 franchised locations (locations aptly named "Century 21 Masters" and "Century 21 Allstars") that called Plaintiff Valdes have been *trained* by the Mike Ferry Organization and/or in the Mike Ferry purchasing-leads-and-autodialing-them system:

[27,28, 29, 30]

---

[25] https://www.ripoffreport.com/reports/mike-ferry-organization/las-vegas-nevada-89113/mike-ferry-organization-beware-of-mike-ferry-coaching-its-all-about-illegal-cold-call-439809; https://www.consumeraffairs.com/business/the-mike-ferry-organization.html?page=4
[26] http://www.mikeferry.com/main/files/11-06-13_The-Mike-Ferry-Marketing-Plan.pdf
[27] https://www.facebook.com/C21Allstars
[28] https://ww.facebook.com/Century21Mastersofficial/
[29] https://www.linkedin.com/in/neilschwartzofficial/
[30] https://youtu.be/HQRb7Sz7R0c

9

# PLAINTIFF VALDES'S ALLEGATIONS

## Century 21 Realtors Called Plaintiff's Cellular Phone Number Using an Autodialer Without His Consent, Despite Plaintiff Having Registered His Phone Number on the DNC

23. On February 8, 2010, Plaintiff Valdes registered his cellular phone number on the DNC to avoid receiving unsolicited phone calls. Plaintiff Valdes's cellular phone number is not associated with a business.

24. Valdes had a property listed for sale with a realtor which he withdrew from the market on May 15, 2018. That listing never included Plaintiff's cellular phone number. Months later, on October 29, 2018, Valdes's listing agreement with his realtor expired. After both of these events – the May 2018 delisting of Valdes's property from the multiple listing services and the October 2018 expiration of his listing agreement – triggered a series of unsolicited, autodialed calls from Century 21 realtors soliciting Valdes to relist his property with them.

25. The following is a breakdown of Century 21's realtors' autodialed, unsolicited calls to Valdes:

**Calls from Six Century 21 Realtors Associated with Century 21 Masters**

- May 17, 2018 at 10:59 AM using phone number 714-729-1041
- June 19, 2018 at 11:37 AM using phone number 714-729-1041
- October 29, 2018 at 8:44 AM using phone number 626-731-2557
- October 29, 2018 at 10:30 AM using phone number 949-759-0500
- October 30, 2018 at 8:22 AM using phone number 714-351-1088
- October 30, 2018 at 11:56 AM using phone number 949-689-6392
- November 7, 2018 at 11:31 AM using phone number 714-743-3528
- January 2, 2019 at 10:57 AM using phone number 949-689-6392
- January 22, 2019 at 2:26 PM using phone number 714-729-1041
- January 23, 2019 at 4:37 PM using phone number 949-759-0500

**Calls from Two Century 21 Realtors Associated with Century 21 Allstars**

- October 29, 2018 at 1:17 PM using phone number 562-205-3739
- October 29, 2018 at 4:39 PM using phone number 562-205-3561

26. Plaintiff Valdes answered all of the calls from Century 21's realtors, and during all of them the realtors identified themselves as calling from "Century 21."

27. For example, on January 22, 2019 at 2:26 PM, Plaintiff received an autodialed solicitation call on his cellular phone from "Century 21" realtor Oscar Trejo using phone number 714-729-1041, seeking to list Valdes's home. Trejo explained to Valdes that he obtained Valdes's telephone number as part of the leads for expired listings he purchased from RedX, and provided Valdes RedX's telephone number (1-800-731-7339).[31]

28. On January 23, 2019 at 4:37 PM, Plaintiff received an autodialed solicitation call on his cellular phone from "Century 21" realtor Fatima using phone number 949-759-0500. (Upon information and belief, the realtor is Fatima Saenz.) As with the January 22, 2019 call, this call began with the realtor soliciting Valdes, and then explaining that she uses RedX's leads for expired listings.

29. On one or more of the calls prior to January 2019, Plaintiff told Century 21's realtors that he was on the do not call list and/or to stop calling.

30. On information and belief, in making the unsolicited calls at issue, one or more of Century 21's realtors used an automatic telephone dialing system; hardware and/or software with the capacity to store or produce cellular telephone number to be called, using a random or sequential number generator. This is evident from the circumstances surrounding the calls, including their commercial nature, that many substantively identical calls were made to the same recipient, that many substantively identical calls were made to different recipients, that Plaintiff's

---

[31] https://www.theredx.com/privacy/

phone number was obtained from a company that supplies leads together with autodialers, and that Century 21's realtors have been trained in the use of autodialers, all of which are consistent with the use of an automatic telephone dialing system to make unsolicited calls.

31. Plaintiff does not have a relationship with Century 21, and has never consented to calls from Century 21's realtors. Simply put, Century 21 did not obtain Plaintiff's prior express written consent to place any solicitation telephone calls to him using an autodialer or otherwise. In fact, Plaintiff's cellular phone number was never even associated with any public listing for his property, all of which listed his realtor's telephone number as a point of contact.

32. Defendant's unauthorized telephone calls harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, and disturbed Valdes's use and enjoyment of his cellular phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

33. Seeking redress for these injuries, Valdes, on behalf of himself and Classes of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited autodialed calls to cellular phone numbers, and unsolicited marketing calls to phone numbers registered on the DNC.

## CLASS ALLEGATIONS

### Class Treatment Is Appropriate for Plaintiff's TCPA Claims Arising From Calls Made by Century 21's Realtors at Century 21's Direction

34. Plaintiff Valdes brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and all others similarly situated and seeks certification of the following three Classes:

> **Autodialed No Consent Class:** All persons in the United States who, from four years prior to the filing of this action through the date of class certification, (1) one or more Century 21 realtors called, (2) on the person's cellular telephone, (3) using dialing equipment substantially similar to the dialing equipment used to call Plaintiff, and (4) for whom Defendant claims (a) it obtained prior express written

consent in the same manner as Defendant claims it supposedly obtained prior express written consent to call Plaintiff, or (b) it did not obtain prior express written consent.

**Do Not Call Registry Class**: All persons in the United States who, from four years prior to the filing of this action through the date of class certification, (1) one or more Century 21 realtors called more than one time in the aggregate, (2) within any 12-month period, (3) where the person's telephone number had been listed on the national Do Not Call list for at least thirty days, (4) for a substantially similar reason that Century 21 realtors called Plaintiff, and (5) for whom Defendant claims (a) it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to call Plaintiff, or (b) it did not obtain prior express written consent.

**Internal Do Not Call Class**: All persons in the United States who from four years prior to the filing of this action through the date of class certification (1) one or more Century 21 realtors called more than one time in the aggregate (2) within any 12-month period, (3) for substantially the same reason that Century 21 realtors called Plaintiff.

35.  The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, their subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definitions following appropriate discovery.

36.  **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable.

37. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

(a) whether Century 21 is liable for Century 21 realtors' calls;

(b) whether Century 21's realtors used an autodialer to call Plaintiff and members of the Autodialed No Consent Class;

(c) whether Century 21's realtors systematically made multiple telephone calls to Plaintiff and members of the Do Not Call Registry Class;

(d) whether Century 21 failed to implement policies and procedures for maintaining a list of persons who request not to be called by Century 21's realtors before engaging in telemarketing;

(e) whether Century 21's realtors made these calls without prior express written consent;

(f) whether Century 21's realtors' calls constitute TCPA violations; and

(g) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

38. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff nor his counsel have any interest adverse to the Classes.

39. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief

14

appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as wholes, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Valdes and the Autodialed No Consent Class)**

40. Plaintiff repeats and realleges paragraphs 1 through 39 of this Complaint and incorporates them by reference herein.

41. Century 21 realtors made unwanted solicitation telephone calls to Plaintiff and the other members of the Autodialed No Consent Class using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

42. These solicitation telephone calls were made *en masse* without the consent of the Plaintiff and the other members of the Autodialed No Consent Class.

43. Defendant is vicariously liable for its realtors' calls because it directed, appeared to direct, and/or ratified the realtors' actions.

44.     Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff and the other members of the Autodialed No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

**SECOND CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Valdes and the Do Not Call Registry Class)**

45.     Plaintiff repeats and realleges paragraphs 1 through 39 of this Complaint and incorporates them by reference herein.

46.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

47.     47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."[32]

48.     The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

49.     Defendant is vicariously liable for its realtors' calls because it directed, appeared to direct, and/or ratified the realtors' actions.

---

[32] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

50.     Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

51.     Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and members of the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled to receive no less than $500 in damages for each violation, and up to $1,500 in damages, for each violation.

**THIRD CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Internal Do Not Call Class)**

52.     Plaintiff repeats and realleges paragraphs 1 through 39 of this Complaint and incorporates them by reference herein.

53.     Under 47 C.F.R. § 64.1200(d): No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

> (1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
>
> (2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

>(3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.
>
>(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.
>
>(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.
>
>(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

47 C.F.R. 64.1200(d)(1)-(6).

    54.    The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said

18

regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

55. Defendant's realtors initiated telephone solicitations to Plaintiff and members of the Internal DNC Class notwithstanding Defendant and its realtors' failure to implement internal procedures for maintaining a list of persons who request not to be called and/or by implementing procedures that do not meet the minimum standards for initiating telemarketing calls.

56. Defendant is vicariously liable for its realtors' calls because it directed, appeared to direct, and/or ratified the realtors' actions.

57. Defendant has, therefore, violated 47 U.S.C. § 227(c)(5). As a result of Defendant's conduct, Plaintiff and the other members of the Internal Do Not Call class are each entitled to up to $1,500 for each violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Valdes, individually and on behalf of the Classes, prays for the following relief:

  a. An order certifying the Classes as defined above; appointing Plaintiff as the representative of the Classes; and appointing his attorneys as Class Counsel;

  b. An award of actual and/or statutory damages for the benefit of Plaintiff and the Classes, and costs;

  c. An order declaring that Defendant's actions, as set out above, violate the TCPA;

  d. An injunction requiring Defendant to cease all unsolicited calling activity, to implement sufficient TCPA related policies and procedures, and to otherwise protect the interests of the Classes; and

  e. Such further and other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff requests a jury trial.

Respectfully Submitted,

**JORGE VALDES**, individually and on behalf of those similarly situated individuals

Dated: April 16, 2019

/s/ *Stefan Coleman*
Stefan Coleman
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, P.A.
1072 Madison Ave, Suite 1
Lakewood, NJ 08701
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

Avi R. Kaufman*
kaufman@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Classes*

**Pro Hac Vice Motion Pending*